**IN THE COURT OF APPEALS OF IOWA**

No. 22-1094
Filed August 17, 2022

**IN THE INTEREST OF K.A., K.A., and K.A.,**
**Minor Children,**

**B.A., Father,**
        Appellant.
_____

        Appeal from the Iowa District Court for Iowa County, Russell G. Keast,

District Associate Judge.

        A father appeals the termination of his parental rights.  **AFFIRMED.**

        Andrew R. Wiezorek of Jacobson, Johnson & Wiezorek, P.L.C., Cedar

Rapids, for appellant father.

        Thomas J. Miller, Attorney General, and Michelle R. Becker, Assistant

Attorney General, for appellee State.

        Alex Momany, Cedar Rapids, attorney and guardian ad litem for minor

children.

        Considered by Bower, C.J., and Tabor and Ahlers, JJ.

**BOWER, Chief Judge.**

A father appeals the termination of his parental rights.[1] He asserts termination of his parental rights is not in the children's best interests, his bond with his children supports a permissive exception to preclude termination, and the court should allow him an additional six months to achieve reunification. We affirm.

The juvenile court provided an extensive and detailed account of the family's multi-year history of involvement with the department of human services (DHS). Our review is de novo. *See In re A.S.,* 906 N.W.2d 467, 472 (Iowa 2018).

The court's findings are fully supported, and we feel no need to reiterate them here. We note the two older children, born in 2009 and 2013, were previously involved in a founded child-abuse assessment as a result of their intoxicated father's physical assault of their mother in the children's presence. A third child was born to the parents in 2017, and the family again came to the attention of DHS upon another founded child-abuse assessment concerning an intoxicated father physically assaulting the mother while the mother was holding one child and the other two were present. Services have been provided to the family since February 2019. Yet, there have been ongoing instances of the father's domestic violence, excessive alcohol usage, suicide attempts, violations of no-contact orders, and criminal charges.

The children were adjudicated children in need of assistance (CINA) in January 2020. The children were removed from the parents' custody on March 3,

---

[1] The mother's parental rights are not at issue in this appeal.

2021. Despite services,[2] the father has unresolved domestic violence concerns, serious mental-health issues, and substance-abuse problems. In May 2022, at the time of the hearing on the petition to terminate his parental rights, the father was in jail and unable to provide safe and stable parenting. His unresolved issues have profoundly affected the children's sense of security and attachment with him. The court terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(f) (2022).[3] The father does not dispute this ground for termination exists. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (noting we do not have to discuss an undisputed step of our three-step analysis reviewing the termination of parental rights).

Turning to the second step of our three-step analysis, "we determine whether the best-interest framework as laid out in section 232.116(2) supports the termination of parental rights." *A.S.*, 906 N.W.2d at 473 (citation omitted). Pursuant to section 232.116(2), we are to "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and grown of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." Notably, "we cannot deprive a child of permanency after the State has proved a ground for termination . . . by hoping someday a parent will

---

[2] These services include Family Safety Risk Prevention Services, supervised visits, drug testing, substance-abuse evaluations, family team meetings, solution-focused meetings, mental-health evaluations and treatment, individual therapy for the children, and juvenile court supervision.

[3] This provision allows the court to terminate parental rights when there is clear and convincing evidence the child is four years of age or older, has been adjudicated CINA, has been out of the parent's custody for the last twelve consecutive months and any trial period at home has been less than thirty days, and cannot be returned to the parent's custody at the present time. Iowa Code § 232.116(1)(f).

learn to be a parent and be able to provide a stable home for the child." *In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) (citation omitted).

We observe the children have been placed with their maternal grandparents since removal. There, they have achieved a sense of safety and stability and are thriving. They need and deserve an environment that does not threaten them with chaos and violence. They are adoptable, and the grandparents have expressed a desire to provide for them permanently.

We adopt the juvenile court's best-interests analysis:

> The evidence has clearly shown that the father's struggles are severe and [i]ngrained over years of practice. He has shown little desire and even less ability to progress on any of these issues during the course of these proceedings, which began in October of 2019. He has been provided with multiple service opportunities, many of which he has declined to fully participate in. What services he has taken part in have shown no effect on curbing his harmful desires. Throughout this entire process he has shown no insight whatsoever to the constant, extensive[,] and harmful trauma that he has subjected his children to by exposing them to his tumultuous lifestyle. There is no reason for the court to place any faith in his claim that after all of this time, effort[,] and services he can resolve these issues within a mere few additional months. The children are clearly at risk any time he is involved in their lives, and their need for the permanency available in a safe and stable home life vastly supersedes his unsupported claims. The court finds the State has proven by clear and convincing evidence termination of the father's parental rights is in the best interests of the children herein, not only for the present time but also for the long-term nurturing and developmental needs of the children.

Next, we address the father's contention the court need not terminate his parental rights under a permissive exception of section 232.116(3). "[T]he parent resisting termination bears the burden to establish an exception to termination." *A.S.*, 906 N.W.2d at 476. Here, the father asserts—but has failed to prove— "[t]here is clear and convincing evidence that the termination would be detrimental

to the child[ren] at the time due to the closeness of the parent-child relationship."

*See* Iowa Code § 232.116(3)(c).  Again, we quote the juvenile court and adopt its

reasoning:

> The father has not legitimately had contact with his children since the removal from him on March 3, 2021.  In July of 2021, he was granted an avenue to seek out that contact by writing an appropriate letter to his [children] that, if accepted by the case worker and the children's therapist, would be presented to the children as a way to begin reintroducing the father into their lives in a safe and gradual way. [The father] became frustrated with this option and chose not to follow through.  The [children] have consistently stated that they are in fear of their father based upon his actions that they have observed personally. . . .  He has, by his own decisions, distanced his children from him.

We will not force the children to wait longer for their father to become a

functioning, safe, and stable parent.  No extension of time is warranted.  We affirm

the termination of the father's parental rights.

**AFFIRMED.**